# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD HUNT, | : |
| Plaintiff, | : 3:20-CV-464 |
| | : (JUDGE MARIANI) |
| v. | : (Magistrate Judge Carlson) |
| CITY OF WILKES BARRE, et al., | : |
| Defendants. | : |

## ORDER

**AND NOW, THIS 4th DAY OF MAY, 2021**, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 28), Plaintiff's Objections thereto (Doc. 29), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 29) are **OVERRULED**. The Court preliminarily notes that although Plaintiff "believes that [he] has stated a claim against defendant Smith [] for false arrest and malicious prosecution under the Fourth Amendment to the U.S. Constitution[,] Plaintiff concedes on all other counts" (Doc. 29, at 5), which include claims of conspiracy to violate Plaintiff's due process rights, abuse of process, and intentional infliction of emotional distress. Plaintiff's Objections to the R&R, and specifically the recommendation that Plaintiff's claims for false arrest and malicious prosecution be dismissed, fail to point to any error on the part of the Magistrate Judge. The Objections first merely reiterate the factual allegations set forth in the Amended Complaint. The Objections thereafter include the alleged false statements

set forth by Officer Smith in applying for a warrant, which appears to be an attempt by Plaintiff to remedy one deficiency in the Amended Complaint noted by Magistrate Judge Carlson (*see* Doc. 28, at 13 (Magistrate Judge finding that "absent further well-pleaded allegations regarding specific falsehoods allegedly made by Smith from which we could infer a lack of probable cause, Hunt's complaint fails to state a claim for false arrest and malicious prosecution against Smith as a matter of law, under both § 1983 and Pennsylvania law, and these claims should be dismissed.")). These asserted false statements set forth in the Objections consist of new factual allegations and thus cannot cure a deficiency in the current complaint, but rather must be included in an amended complaint.

2. The R&R (Doc. 28) is **ADOPTED** for the reasons set forth therein.

3. Defendant Smith's Motion to Dismiss (Doc. 16) is **GRANTED**. The Amended Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff shall file a Second Amended Complaint within **60 days** of the date of this Order.[1]

5. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 27) is **DISMISSED AS MOOT**.

---

[1] Although this Court would normally require Plaintiff to file his Second Amended Complaint within 21 days of dismissal of the Amended Complaint, in light of Plaintiff's representation that COVID-19 has caused "law libraries" to be closed and that he was, or continues to, seek counsel in this case, and Plaintiff's request that he therefore be permitted 60 days to file an amended complaint (*see* Doc, 29, at 5), the Court will afford Plaintiff the additional time requested to file his Second Amended Complaint.

6. The case is **REMANDED** to Magistrate Judge Carlson for further proceedings consistent with this Order.

_____
Robert D. Mariani
United States District Judge