UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD HUNT,

    Plaintiff,

    v.

MATTHEW SMITH,

    Defendant.

:
:
:  3:20-CV-464
:  (JUDGE MARIANI)
:  (Magistrate Judge Carlson)
:
:
:
:

## ORDER

AND NOW, THIS 27th DAY OF JUNE, 2023, upon *de novo* review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 60), Plaintiff's Objections thereto (Docs. 63, 64), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 60) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Objections are **OVERRULED**.[1]

---

[1] Plaintiff's Objections argue that other facts, implicating his wife's culpability in the incident, were available to Officer Smith when he arrived at the apartment on March 21, 2018 and that Plaintiff's wife should have been arrested. (*See* Doc. 64, at 2-8, 10-12). However, as aptly noted by Judge Carlson, "any alleged culpability of Hunt's wife in what may have been a mutual affray does not negate Officer Smith's determination of probable cause to arrest and charge Hunt with these crimes." (Doc. 60, at 21 n.3). Even crediting the version of events set forth in Plaintiff's Objections, he does not dispute that (1) he and his wife engaged in a physical altercation, (2) he was intoxicated during the altercation and when Officer Smith arrived on the scene, (3) his wife maced him, (4) his wife called 911, (5) his wife informed Officer Smith that her husband had assaulted her, and (6) there was blood on the floor when police arrived. These facts, viewed in the totality of the circumstances and through the lens of a reasonable officer, are sufficient to establish the requisite probable cause. The fact that Plaintiff's wife was not charged as a result of the incident, despite Plaintiff's claims that she was the one who assaulted him, and that Plaintiff was ultimately acquitted of the charges distracts from the probable cause inquiry before this Court. Plaintiff's Objections ask this Court to make credibility determinations as to the statements of the parties and the witnesses at

3. Defendant Matthew Smith's Motion for Summary Judgment (Doc. 51) is **GRANTED**.

4. The Clerk of Court is directed to enter judgment **IN FAVOR OF** Defendant Matthew Smith and **AGAINST** Plaintiff Harold Hunt.

Robert D. Mariani
United States District Judge

---

the preliminary hearing and trial. If resolution of this action turned on such determinations, it would not be appropriate for dismissal at the summary judgment stage. However, in this case, this Court's inquiry begins and ends with the determination that is no material dispute of fact that Smith had probable cause to arrest and charge Hunt. The Court further agrees with Judge Carlson that, even if there was a violation of Plaintiff's Fourth Amendment rights, Smith would be entitled to qualified immunity.

Plaintiff's further assertions that Officer Smith additionally violated his Fourth Amendment rights by falsely testifying at his preliminary hearing and trial (Doc. 64, at 9-10) also fail for the reasons set forth in the R&R, including because Smith is protected by absolute immunity when testifying in the state court criminal proceedings (*see* Doc. 60, at 21-23).